UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIE DARMANE WOODS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 17 CV 9025** |
| | ) | |
| **CORRECTIONAL OFFICER** | ) | **Judge Thomas M. Durkin** |
| **JEREMY A. SANCHEZ,** | ) | |
| **CORRECTIONAL OFFICER** | ) | |
| **BRANDON WHITE,** | ) | **Magistrate Judge Jeffrey Cole** |
| | ) | |
| **Defendants.** | ) | |

## AMENDED COMPLAINT

1.      Willie Darmane Woods is a 28-year-old man who was brutally beaten and stabbed by a gang of fellow inmates at the Cook County Jail after his complaints to two on-duty correctional officers about his fear for his life were ignored.  Immediately prior to the incident, Mr. Woods told Defendant Officer Jeremy Sanchez ("Officer Sanchez") that fellow inmates had threatened him and his cellmate, and pleaded with Officer Sanchez that his life was in danger. Officer Sanchez ignored Mr. Woods' pleas, and informed him that his shift was ending and the next shift could deal with Mr. Woods. Mr. Woods then told Defendant Officer Brandon White ("Officer White") that his life was in danger and Officer White also ignored his pleas. Immediately after both Officer Sanchez and Officer White ignored his pleas, Mr. Woods was brutally beaten and stabbed by fellow inmates.  Given these pleas, and the well-known history and culture of inmate violence in Cook County Jail, Defendants knew of the substantial risk of serious harm to Mr. Woods prior to the incident, and yet failed to take appropriate action to ensure his safety.

2.      As a result of the Defendants' deliberate indifference and callous disregard for Mr. Woods' security, Mr. Woods was brutally beaten by multiple inmates and has suffered, and will continue to suffer, significant damages including, but not limited to, physical and mental injuries and impairments.

<h3 style="text-align:center"><b>JURISDICTION AND VENUE</b></h3>

3.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Mr. Woods' claims arise under federal law, including 42 U.S.C. § 1983. Plaintiff has further satisfied all preconditions to suit, including those set forth in 42 U.S.C. §1997e(a), by exhausting all available administrative remedies. Venue is proper in this Court under 28 U.S.C. l39l(b) because the events giving rise to the claims asserted herein occurred in this judicial district.

<h3 style="text-align:center"><b>PARTIES</b></h3>

4.      Plaintiff Willie Darmane Woods is a resident of the State of Illinois and, at all times relevant herein, was incarcerated in the Cook County Jail.

5.      At all times relevant herein, Defendant Officer White was a correctional officer at the Cook County Jail who, under the color of law, engaged in the acts and/or omissions complained of herein in the course and scope of his employment.  He is sued in his individual capacity.

6.      At all times relevant herein, Defendant Officer Sanchez was a correctional officer at the Cook County Jail who, under the color of law, engaged in the acts and/or omissions complained of herein in the course and scope of his employment.  He is sued in his individual capacity.

## ACTUAL ALLEGATIONS

**I.    There Continues To Be A Pattern of Inmate Violence at Cook County Jail**

7.     Defendants Officer White and Officer Sanchez are aware, and have been aware for many years, of a longstanding pattern in the Cook County Jail, specifically including Division IX, of inmate-on-inmate violence. Further, said Defendants are and have long been aware of the detrimental effect of inadequate supervision with respect to preventing inmate violence in the jail.

8.     In 2007, the United States Department of Justice ("DOJ'') performed an investigation into the conditions of the Cook County Jail. They concluded that "certain conditions at [the Cook County Jail] violate the constitutional rights of inmates. In particular, we find that inmates confined at [the Cook County Jail] are not adequately protected from harm, including physical harm from . . . inmate-on-inmate violence due to inadequate supervision . . . . We find that [the Cook County Jail] fails to adequately protect inmates from harm and serious risk of harm from . . . other  inmates." *Letter from Grace Chung Becker, Acting Assistant Attorney General, United States Department of Justice. Civil Rights Division, to Thomas J. Dart, Cook County Sheriff, et al.,* dated July 11, 2008, at pgs. 2-3, 9.

9.     The DOJ investigation also found that "[i]nsufficient inmate supervision has been a serious problem at [the Cook  County Jail] for decades" and that proper supervision "is seriously compromised by chronic overcrowding and understaffing." *Id.,* at p. 24. Furthermore, "[t]he level of inmate-on-inmate . . . violence that is occurring within [the Cook County Jail] is so unacceptably high that it is clear that inmates are not adequately supervised, in accordance with generally accepted correctional standards. Notably, just as the Court and [Cook County Jail]

staff have recognized the shortage of staff supervision, inmates are also aware that they could engage in violence with little to no supervision." *Id.,* at p. 28.

10.     The 2007 investigation and subsequent report ultimately led to litigation and an agreement of the parties to resolve the issues through a consent decree. *United States v. Cook County,* 2010 U.S. Dist. LEXIS 83946, at 1-2 (2010) (U.S. Dist. Ct. Case No. 1:10-cv-02946). The consent decree requires pertinent officials to undertake a wide variety of measures to improve the conditions at the Cook County Jail, including but not limited to additional supervision of inmates. Furthermore, the consent decree requires continuous monitoring of any and all action (and inaction) to remedy the conditions at the jail, which continue to the present day.

11.     Upon information and belief, Cook County Jail remains overcrowded and understaffed, and a culture and practice of inadequate supervision and inmate-on-inmate violence has continued unabated.

## II.     Mr. Woods was Brutally Assaulted by Other Inmates During his Detention

12.     On July 17, 2013, Mr. Woods was taken into custody, and was subsequently detained and housed in Division IX of the Cook County Jail.

13.     On July 8, 2016, Mr. Woods' cellmate had an incident during the first shift for correctional officers at the Cook County Jail wherein he was not allowed to receive his commissary. As a result of this incident, all inmates in Mr. Woods' housing tier, DIV. #9-3F, were also denied the privilege of access to the commissary. The denial of the commissary privileges caused the inmates in Mr. Woods' housing tier to become agitated, including yelling out to Mr. Woods' cellmate that they were "gone stab your Bitch-ass, you and your cellie."

14.     Mr. Woods notified Officer Sanchez, the correctional officer supervising the unit at the time, that the other inmates were acting in a hostile manner, that he was concerned for his life, and that he wanted to be removed from his current housing tier. Officer Sanchez heard the comments made by the other inmates in Mr. Woods' housing tier.  Officer Sanchez told Mr. Woods he was a "big boy" and he can "surely handle" himself.  Mr. Woods asked to speak to a Sergeant or a Lieutenant who could help him, as well as his cellmate.  Officer Sanchez, proceeded to tell Mr. Woods that his shift was ending soon and that the second shift could handle his safety concerns better.  Mr. Woods was ultimately left in his housing tier until the shift changed.  Defendant Officer Sanchez was aware of the substantial risk of serious harm to Mr. Woods at that time and/or was aware of facts from which he could have inferred the existence of a substantial risk of serious harm to Mr. Woods.

15.     Officer White was the next officer on duty in Mr. Woods' housing tier during the second shift.  Mr. Woods informed Officer White that his life was in danger and that he had already told Officer Sanchez before he finished his shift.  Officer White told Mr. Woods that he would have to wait because he had not been there for the first shift and did not know anything about the first shift because he was not there.  Officer White ignored Mr. Woods' fears and soon thereafter Officer White left the tier.  Shortly after Officer White left the tier Mr. Woods' cellmate was assaulted.  Mr. Woods attempted to prevent the assault from going any further by trying discuss the issues with his fellow inmates and telling the other inmates that he and his cellmate did not want any problems with anyone on the housing tier.  Mr. Woods' plea for peace was ignored and he found himself surrounded by several Latino inmates who shouted "kill them niggers."  Mr. Woods was assaulted and stabbed in the body five times with an improvised sharp item.

16.    With deliberate and callous indifference to Mr. Woods' safety in light of a known risk and/or high probability thereof, Officer Sanchez ignored Mr. Woods' pleas and requests and left Cook County Jail for the day.  As a result, the inmates promptly attacked Mr. Woods and brutally beat and stabbed him using an improvised sharp item.

17.    With deliberate and callous indifference to Mr. Woods' safety in light of a known risk and/or high probability thereof, Officer White ignored Mr. Woods' pleas and requests and left the housing tier.  As a result, the inmates were left unattended.  The inmates promptly attacked Mr. Woods and brutally beat and stabbed him using an improvised sharp item.

18.    Due to the severe brutality of the attack, Mr. Woods was stabbed five times, including once each in the upper back, right shoulder, left hand, left wrist and left arm. His injuries were severe and included, but were not limited to, several deep lacerations which necessitated an ambulance ride to Stroger Hospital where he received numerous stiches.

19.    As a result of the incident, Mr. Woods has suffered and will continue to suffer significant economic and non-economic damages including those associated with his physical and mental injuries, and ongoing pain and suffering.

## COUNT I

### (Against Officer Sanchez in his individual capacity)

20.    Mr. Woods repeats and realleges the foregoing paragraphs and incorporates them by reference as though fully set forth herein.

21.    Through the instant Amended Complaint, Mr. Woods alleges an action pursuant to 42 U.S.C. § 1983 against Defendant Officer Sanchez in his individual capacity.

22.    At all times relevant herein, Officer Sanchez deprived Mr. Woods of his rights under 42 U.S.C. § 1983, to be free from punishment prior to a conviction and/or determination

of criminal guilt, to be provided with reasonably safe living conditions, and to be free from violence inflicted upon his person by other inmates at the Cook County Jail.

23.     Officer Sanchez knew of the significant risk of serious bodily injury to Mr. Woods at the hands of other inmates, including those inmates who were supervised and/or supposed to be supervised by Officer Sanchez in the area where the incident occurred. Despite such knowledge, Officer Sanchez not only failed to take reasonable effort to protect Mr. Woods from bodily harm at the hands of such inmates, but also recklessly and with deliberate and callous indifference to Mr. Woods' safety, ignored Mr. Woods' complaints regarding his fear for his life and left the Cook County Jail without informing others of Mr. Woods' complaints regarding his safety.

24.     As a direct and proximate result of Officer Sanchez's acts and omissions, as set forth herein, Mr. Woods' constitutional rights were violated and he was brutally beaten and stabbed by other inmates, causing Mr. Woods to suffer significant economic and non-economic damages.

### COUNT II

**(Against Officer White in his individual capacity)**

25.     Mr. Woods repeats and realleges the foregoing paragraphs and incorporates them by reference as though fully set forth herein.

26.     Through the instant Complaint, Mr. Woods alleges an action pursuant to 42 U.S.C. § 1983 against Defendant Officer White in his individual capacity.

27.     At all times relevant herein, Officer White deprived Mr. Woods of his rights under 42 U.S.C. § 1983, to be free from punishment prior to a conviction and/or determination

of criminal guilt, to be provided with reasonably safe living conditions, and to be free from violence inflicted upon his person by other inmates at the Cook County Jail.

28.     Officer White knew of the significant risk of serious bodily injury to Mr. Woods at the hands of other inmates, including those inmates who were supervised and/or supposed to be supervised by Officer White in the area where the incident occurred. Despite such knowledge, Officer White not only failed to take reasonable effort to protect Mr. Woods from bodily harm at the hands of such inmates, but also recklessly and with deliberate and callous indifference to Mr. Woods' safety, ignored Mr. Woods' complaints regarding his fear for his life and left the housing tier unsupervised.

29.     As a direct and proximate result of Officer Sanchez's acts and omissions, as set forth herein, Mr. Woods' constitutional rights were violated and he was brutally beaten and stabbed by other inmates, causing Mr. Woods to suffer significant economic and non-economic damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in his favor and against the Defendants on all counts as follows:

1.     Adjudge and declare that the pattern and conduct described in this Amended Complaint was in violation of Plaintiff's rights under 42 U.S.C. § 1983;

2.     Award Plaintiff actual and compensatory damages, for economic and non-economic harm that Plaintiff has and will continue to suffer as a result of the incident at issue, in amounts to be proven at trial;

3.     Award Plaintiff  punitive damages, as permitted by law and in amounts to be proven at trial;

4.       Award Plaintiff his reasonable attorneys' fees, costs, and expenses as permitted

by law; and

5.       Award Plaintiff any such other and further relief as the Court may deem just and

proper.

PLAINTIFF DEMANDS TRIAL BY JURY

DATED:  April 26, 2019                                        Respectfully submitted,

**WILLIE DARMANE WOODS, Plaintiff**

By:  /s/ *Anne M. Mayette*
                One of His Attorneys

Jonathan N. Ledsky, #6194097
Anne M. Mayette, #6306935
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL  60606-3912
(312) 655-1500
(312) 655-1501 (Facsimile)
jonathan.ledsky@huschblackwell.com
anne.mayette@huschblackwell.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Anne M. Mayette, an attorney, hereby certify that a true and correct copy of the

foregoing, **Amended Complaint**, was served electronically upon counsel of record:

Bianca B. Brown
bianca.brown@cookcountyil.gov

by the filing of said document through the Court's electronic filing system this 26th day of April

2019.

/s/ Anne M. Mayette